IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XAVIER CHESTER,<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK,<br><br>        Defendant. | Case No. 23 C 4228<br><br>Magistrate Judge Sunil R. Harjani |

## ORDER

Before the Court is Amtrak's Motion to Dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(7) or, alternatively, to transfer the case to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a). For the following reasons, this case is transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) and Amtrak's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (7) are dismissed as moot.

### Background

Plaintiff Xavier Chester, a resident of Chicago, Illinois, has alleged two counts of negligence against National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"). *See generally* Doc. [37]. Plaintiff bought a ticket in Chicago, Illinois from Amtrak for a trip from Chicago to Houston, Texas. Doc. [29-1] at 1. Plaintiff alleges that during a bus ride in Texas, which was included in his purchase, his wheelchair was improperly secured and he fell. *See generally* Doc. [37]. Plaintiff asserts Amtrak was careless and negligent in its operation, maintenance, management, and control of the bus by failing to properly secure and accommodate his disability. Doc. [37] at 4-8. Relevant to this dispute, Plaintiff was a passenger on a bus that was operated by Lone Star, an independent contractor, who contracted with Amtrak to provide bus transportation along this route. Doc. [29] at 3; Doc. [21] at 3-4.

### Legal Standard

A district court may transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *Rsch. Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (*quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice.

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, 639 F. Supp. 2d 903, 907 (N.D. Ill. July 16, 2009). The moving party bears the burden of establishing these factors. *Coffey*, 796 F.2d at 219–20. Additionally, "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

### Discussion

The crux of this dispute involves determining the most appropriate location for resolution of the alleged claims – the Northern District of Illinois or the Eastern District of Texas. From the briefing, neither party has contended that venue is improper in both districts. *See* Doc. [21] at 12-15; Doc. [29] at 11-14; Doc. [35] at 7-12. The Court must decide whether transfer will serve the convenience of the parties and witnesses and promote the interest of justice. *Guignard v. Nat'l R.R. Passenger Corp.*, 2012 WL 1108242, at *2 (N.D. Ill. Apr. 1, 2012). In making this determination, the Court considers both private and public interests. *Id.* The private interests include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Id.* at *2; *Rsch. Automation, Inc.*, 626 F.3d at 977. The public interest factors, also known as the "interest of justice" factors, include: (1) the congestions of the respective court dockets; (2) prospects for a speedy trial; (3) the courts' familiarity with the applicable law; and (4) the respective desirability of resolving the controversy in each locale. *Guignard*, 2012 WL 1108242, at *2; *Coffey*, 796 F.2d at 221. Section 1404(a) does not suggest the relative weight to be accorded to each factor. Instead, the district court has discretion to weigh these factors in addition to the complaint's allegations. *See, e.g.*, *Rsch. Automation, Inc.*, 626 F.3d at 977 (noting deference is given to the district court in considering a motion to transfer).

Turning first to the private interest factors, the Court considers the plaintiff's choice of forum and the situs of material events. Generally, a plaintiff's choice of forum carries "substantial weight…, particularly where it is also the plaintiff's home forum." *Childress v. Ford Motor Co.*, 2003 WL 23518380, at *3 (N.D. Ill. Dec. 17, 2003); *Holman v. AMU Trans, LLC*, 2015 WL 3918488, at *3 (N.D. Ill. June 25, 2015). However, the deference is minimized when plaintiff's choice of forum is not the site of the material events. *Childress*, 2003 WL 23518380, at *3; *Holman*, 2015 WL 3918488, at *3. Material events are those that give rise to the cause of action. *Nobbe ex rel. Bayles v. Gen. Motors Corp.*, 2009 WL 1515269, at *2 (N.D. Ill. May 27, 2009). Plaintiff posits that the primary situs of activity is the Northern District of Illinois because Chester's injuries significantly worsened upon returning to Chicago and that is where he sought care. Doc. [29] at 12. This is incorrect. When the case concerns an accident, courts in the Northern District of Illinois find the "site of material events" to be where the accident occurred as well as where treatment was sought. *See e.g.*, *Childress*, 2003 WL 23518380, at *3; *see also Holman*, 2015 WL 3918488, at *3; *Sistrunk v. Archer-Daniels-Midland Co.*, 1993 WL 98239, at *2 (N.D. Ill. Apr. 1, 1993). Chester admits he sustained injuries after falling over in his wheelchair while on a Lone Star bus, received initial medical treatment, and filed an incident report in Nacogdoches, Texas. Doc. [29] at 2-3; *see generally* Doc. [37]. The two counts of negligence in this matter derive from this accident and whether the bus in Texas was "carelessly and negligently operated, maintained, managed, and controlled," or if the employees, agents, and operators breached a duty of care by failing to secure or accommodate Chester. Doc. [37] at 4-8. While Chester resides in and received

some medical care in the Northern District of Illinois, the situs of the majority of the material events – the accident and initial treatment – occurred in the Eastern District of Texas. Thus, Plaintiff's choice of forum is given some weight, but considered in context and with recognition of the actual situs of the accident and initial treatment.

Next, the convenience of the witnesses, significantly non-party witnesses, is often considered the most important factor in deciding whether to transfer. *Guignard*, 2012 WL 1108242, at *3; *Nobbe*, 2009 WL 1515269, at *3. For this factor, the court examines the nature and quality of witnesses' testimony with respect to the issues in the case. *Nobbe*, 2009 WL 1515269, at *3. This includes if potential non-party witnesses are outside the subpoena power of the court, which weighs heavily in favor of transferring. *Guignard*, 2012 WL 1108242, at *3. Here, Chester's Rule 26(a) disclosures identify, at a minimum, four Texas resident witnesses. Doc. [29-2] at 1-6. This includes two witnesses concerning the impact of Chester's injuries, the employee at the bus station who wrote up the incident report, and the bus driver. *Id.* Amtrak notes potential, other witnesses including local EMS first responders who treated Chester, boarding agents, Lone Star corporate employees who can testify regarding the training, qualifications, and procedures for handling disabled passengers, as well as individuals at the scene. Doc. [21] at 14; Doc. [35] at 10. All these witnesses reside in Texas and cannot be subpoenaed by this Court. *See* Fed. R. Civ. P. 45(c)(3)(a)(ii). Chester correctly notes that his sister, who will testify to the impact of Chester's injuries, resides in the Northern District of Illinois, along with the medical physicians who treated Chester upon his return. Doc. [29-2] at 1-6. However, this case is analogous to *Childress* where the Plaintiff was injured in an automobile accident out-of-state but sought treatment in and around their home state. In that case, the district court considered that the individuals who could testify to facts concerning liability all resided in a different state, outside of the subpoena power of the court. *Childress*, 2003 WL 23518380, at **3-4. Similar circumstances exist here. Additionally, Plaintiff's witnesses in Illinois who are related to or treated Plaintiff would only be relevant as to damages. *Id.* As a result, the significant need for non-party witnesses' testimony to prove or disprove the elements of the claim, and the fact that none of those witnesses would be subject to the Court's subpoena power, weigh heavily in favor of transfer. *Id.* Chester's sister and the treating physicians that are located in the Northern District of Illinois, while a fair consideration, do not outweigh the importance of obtaining testimony from numerous, non-party witnesses not subject to this Court's subpoena power in the Eastern District of Texas. The convenience of the witnesses is given serious weight in favor of transfer.

Third, the Court considers the parties' access to evidence. Plaintiff contends there is no issue with accessing sources of proof due to the availability of electronic documents. Doc. [29] at 12. Defendant disagrees as liability witnesses and the bus where the injury occurred are in Texas. Doc. [35] at 9. While electronic document production can mitigate some of the concerns here, the Court generally agrees that the bulk of evidence is in Texas – the bus where the incident occurred, the witnesses, and the medical treatment and reports that were made on scene or shortly thereafter. As held in *Childress*, the location of the accident, on-scene medical treatment, and witnesses favors transfer to that district. 2003 WL 23518380, at **4-5.

The final private interest factor the Court weighs is the convenience to the parties of litigating in the respective forums. For this factor, the court "should consider [the parties'] respective residences and their ability to bear the expenses of litigating in a particular forum."

3

*Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 776 (N.D. Ill. May 4, 1998) (internal citations omitted). Chester raises his status as a wheelchair user, and the difficulty he would experience in travelling to Texas. Doc. [29] at 12-13. Amtrak counters that Plaintiff has already shown a willingness to travel to Texas, maintains contacts in Texas (including two of Plaintiff's witnesses), and does not raise a lack of funds or poor health. Doc. [29-2] at 1-6; Doc. [35] at 11. The Court is sympathetic to Plaintiff's mobility concerns, but this incident occurred because he can and does travel interstate. This Court finds *Hanley* to be instructive. In *Hanley*, there were three parties: (1) a small, local corporation; (2) an individual defendant; and (3) a large multiemployer entity. 6 F. Supp. 2d at 776. The court there considered that the large multiemployer could more easily prosecute the action in a different venue and as a result transferred to a venue convenient for the small, local corporation and the individual defendant. *Id.* As in *Hanley*, Amtrak is a large corporation with offices in both Texas and Illinois and would be able to defend in either venue. But the parties have indicated an intent to add Lone Star, a small Texas corporation, as a named defendant. Doc. [29] at 9-10. Accordingly, unlike in *Hanley* where the small local corporation and individual defendant both sought transfer to the same venue, here those interest are at odds – Lone Star likely prefers the Eastern District of Texas and Chester prefers the Northern District of Illinois. Given the competing interests between Chester and Lone Star and that Amtrak is capable of defending in either venue, the Court finds this factor to be neutral.

Next, the Court analyzes the public interest factors. The first two factors deal with the efficient administration of justice, including the congestion of the respective court dockets and prospects of a speedy trial. *Coffey*, 796 F.2d at 221-22. Amtrak alleges the case would reach resolution faster in the Eastern District of Texas as docket statistics show fewer pending cases and a shorter time from the initiation of the case to trial. Doc. [21] at 14-15. Chester counters, and Amtrak concedes, that the median time from case outset to disposition is two months faster in the Northern District of Illinois. Doc. [29] at 13; Doc. [35] at 11. As efficient resolution of the case will not be impacted with a transfer between these two districts, the Court finds this factor to also be neutral. *See e.g.*, *Nobbe*, 2009 WL 1515269, at *4 (minor differences in statistics do "not militate for or against transfer.").

The third public interest factor is the respective courts' familiarity with the applicable law. As the case comes before the Court, based on diversity of citizenship, the Court must apply Illinois' choice of law rules. *Holman*, 2015 WL 3918488, at *5 (*citing Trinity Indus. Leasing Co. v. Midwest Gas Storage, Inc.*, 33 F. Supp. 3d 947, 964 (N.D. Ill. Mar. 21, 2014)). "When a case is filed in Illinois following an accident that occurred outside of the state, Illinois choice of law rules mandate that the laws of the state where the accident occurred govern the case." *Id.* There is no dispute that the cause of action arises from an accident in Texas and that Texas negligence law applies. Amtrak specifically states that "Texas negligence law applies in this case." Doc. [21] at 15. Chester does not dispute this fact, but instead argues that "[e]ach court will be familiar with the relevant negligence law in this matter." Doc. [29] at 13. It is true that Northern District of Illinois courts have held that when the law in question is not complex or unsettled, this factor remains neutral. *See e.g.*, *Guignard*, 2012 WL 1108242, at *4; *Holman*, 2015 WL 3918488, at *5. Thus, while Texas law will apply, the law at issue is neither complex or unsettled and this factor does not tip the scale in either direction.

The final public interest factor is the desire of each district to resolve the controversy in their locale. *Holman*, 2015 WL 3918488, at *6. Because the controversy arises in the Eastern District of Texas, from an event in the Eastern District of Texas, involving a company that operates in the Eastern District of Texas (Lone Star), and will require local EMS and witness participation, the citizens of Texas have a compelling interest in resolving the matter. *Childress*, 2003 WL 23518380, at *6 (state in which the accident occurs has a compelling interest, which cuts heavily in favor of transfer); *Holman*, 2015 WL 3918488, at *6 (holding the same). While Chester is correct that other individuals from Illinois will take this travel route and potentially end up on a Lone Star bus (Doc. [29] at 13), a larger number of Texas citizens will likely take these bus rides and Texas courts have an interest in ensuring the safety of a local transportation corporation. Accordingly, this factor cuts heavily in favor of transfer.

Having weighed all the relevant factors, the Court finds that Amtrak has demonstrated that transfer to the Eastern District of Texas is warranted. While this district is Plaintiff's desired forum, Plaintiff lacks the ability to compel key non-party Texas witnesses who will testify regarding liability. In addition, the site of the material events involved in the case, the convenience of the witnesses, the access to evidence, and the desire for Texas to resolve a controversy regarding the safety of a local transportation corporation leads this Court to conclude that transfer is warranted.

## Conclusion

For the reasons stated above, this Court grants Amtrak's motion to transfer and the case is transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Accordingly, the remainder of Amtrak's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (7) is dismissed as moot.[1]

**SO ORDERED.**

Dated: March 22, 2024

_____
Sunil R. Harjani
United States Magistrate Judge

---

[1] Based on a review of relevant case law this Court finds it appropriate to rule on the motion to transfer and moot the motion to dismiss for lack of personal jurisdiction and failure to join a party. *See e.g.*, *Taylor v. Kidde, Inc.*, 1989 WL 20796, at *1 (N.D. Ill. Mar. 6, 1989); *Nobbe*, 2009 WL 1515269, at *1; *Hanley*, 6 F. Supp. 2d at 777 n.2.